***********
The Full Commission reviewed the prior Opinion and Award with reference to the errors assigned based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments of the parties. Defendant-Hype Manufacturing, LLC has not shown good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS with minor modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties have been properly designated, and there is no question as to the mis-joinder or non-joinder of any parties.
3. Plaintiff alleges to have sustained a compensable injury on September 28, 2006.
4. Defendant-Employer, Hype Manufacturing, LLC, entered into a clincher agreement with Plaintiff on or about March 26, 2009, on a denied and disputed basis.
5. Defendant-Employer, Hype Manufacturing, LLC, received notice of cancellation of insurance coverage from Defendant-Travelers via certified mail. A representative of Defendant-Employer, Hype Manufacturing, LLC, with the authority to do so, signed the certified mail slip, which was returned to Defendant-Travelers.
 ***********
The following documentary evidence was received as:
 EXHIBITS a. Stipulated Exhibit 1-Industrial Commission Forms
 b. Stipulated Exhibit 2-Medical Records
 c. Stipulated Exhibit 3-Policy Information
 d. Stipulated Exhibit 4-Clincher Agreement
 e. Deposition of Ginger Schmeltzer
 *********** ISSUE *Page 3 
Whether Defendant-Employer, Hype Manufacturing, LLC, had workers' compensation insurance coverage on the date of injury and whether Defendant, American Zurich Insurance Company, has to indemnify Defendant-Employer.
 ***********
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On September 28, 2006, Plaintiff worked for Defendant-Employer, Hype Manufacturing, LLC, (hereinafter, Hype Manufacturing), as a machinist.
2. While at work on or around September 28, 2006, Plaintiff was working on a ladder which slipped and caused him to fall and sustain an injury to his back that was later diagnosed as a compression fracture of L1.
3. The hearing before the Deputy Commissioner was limited to the issue of whether Defendant-Employer Hype Manufacturing had workers' compensation insurance coverage through American Zurich Insurance Company (hereinafter, Zurich) on the date of Plaintiff's injury and whether Defendant Zurich was obligated to indemnify Defendant-Employer Hype Manufacturing for money expended in settling Plaintiff's claim.
4. Defendant-Employer Hype Manufacturing applied for a workers' compensation policy with the North Carolina Rate Bureau on May 3, 2006.
5. The Rate Bureau assigned the policy per state law to Defendant Zurich on May 17, 2006. Defendant Zurich assigned the policy to Travelers for administration.
6. Defendant-Employer Hype Manufacturing was issued a policy to cover the period from May 17, 2006 to May 16, 2007. *Page 4 
7. The terms of the Hype Manufacturing workers' compensation policy called for an initial 50% deposit of $13,583.00 with three future installments of $4,526.00 to be paid quarterly.
8. Zurich received the 50% deposit of $13,583.00 on May 17, 2006.
9. The three quarterly installment premium payments of $4,526.00 were to be due on August 17, 2006, November 17, 2006, and February 17, 2007, per agreement of the parties.
10. A bill for the first quarterly installment payment of $4,526.00 was sent to Hype Manufacturing, on July 21, 2006, and required payment by August 17, 2006.
11. On or about August 14, 2006, Hype Manufacturing initiated a request for a reduction in premiums, due to the closing of one of their facilities and the increase in payroll at another facility.
12. Hype Manufacturing's request for a premium reduction was processed on August 21, 2006 and the premium was reduced by $2,193.00 effective August 14, 2006. A copy of the amendment to the policy was mailed to Hype Manufacturing on August 21, 2006. The language in the statement Hype Manufacturing received stated that the premium adjustments would be reflected on the next billing cycle, which was November 17, 2006.
13. Pursuant to the policy, Hype Manufacturing was required to pay all premiums when due. Hype Manufacturing did not pay the $4,526.00 quarterly premium due on August 17, 2006, or any portion of it, by the due date.
14. Senior Account Managing Underwriter, Ginger Schmeltzer, testified that Defendant-American Zurich issued a notice of intent to cancel on August 22, 2006, with an effective date of cancellation of September 11, 2006. *Page 5 
15. A notice of cancellation was sent on August 22, 2006, notifying Hype Manufacturing that if the past due amount of $4,526.00 was not paid by September 11, 2006, the policy would be cancelled. The notice of cancellation was sent with a 15-day notice, plus five days for mailing for a total of 20 days.
16. As stipulated by the parties, Hype Manufacturing received the notice of cancellation of insurance coverage and a representative of Hype Manufacturing, with the authority to do so, signed and returned the certified mail slip.
17. Hype Manufacturing did not pay any portion of the premium by August 17, 2006, or at any time prior to September 11, 2006. Zurich properly cancelled the Hype Manufacturing workers' compensation policy effective September 11, 2006.
18. Hype Manufacturing later paid the past due premium of $4,526.00 to Defendant-American Zurich via a check dated September 28, 2006.
19. As a result of Hype Manufacturing's payment of the premium, Zurich reinstated the workers' compensation insurance policy for Hype Manufacturing. Pursuant to the North Carolina Rate Bureau and standard procedure, the policy was reinstated with a lapse, effective September 29, 2006.
20. Hype Manufacturing experienced a lapse in coverage from September 11, 2006, the date of effective cancellation of the policy, until September 29, 2006, the date the policy was reinstated.
21. Defendant-Employer Hype Manufacturing did not have in effect workers' compensation insurance on the date of Plaintiff's injury by accident.
 *********** *Page 6 
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendant-Zurich, properly cancelled Defendant-Employer Hype Manufacturing's workers' compensation policy pursuant to N.C. Gen. Stat. § 58-36-105(b) by timely sending the notice of cancellation to Hype Manufacturing, LLC, via certified mail, return receipt requested, approximately twenty days before the proposed effective date of cancellation.
2. Despite reinstatement on September 29, 2006, Defendant-Employer Hype Manufacturing's policy was not in effect on the date of injury, due to a lapse in coverage from September 11, 2006 to September 28, 2006. N.C. Gen. Stat. § 58-36-105(b).
3. Defendant-Zurich is not responsible for indemnifying Defendant-Employer Hype Manufacturing for the settlement proceeds it paid to Plaintiff.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant-Employer Hype Manufacturing's claim for reimbursement of the settlement amount it paid to Plaintiff pursuant to a clincher agreement is DENIED.
2. Each side shall bear its own costs.
This the ___ day of May 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 7 
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1